UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMAL J. ELLIS,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

CASE NO. 3:15-CV-05420-BHS-DWC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff Jamal Ellis, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Complaint but provides Plaintiff leave to file an amended pleading by August 20, 2015, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff, who is currently incarcerated at Washington State Penitentiary ("WSP"), alleges he was housed in administrative segregation for assaulting another inmate on March 10, 2014. Dkt. 3, p. 4. Plaintiff contends he submitted "kites" to Defendants Newman, Caulkins, Schneider, and Osborne prior to the assault requesting to be moved to a new cell. *Id*. Plaintiff also states his

rights are being violated because he has been housed in administrative segregation beyond the allowable time and without disciplinary sanction paperwork. *Id.* Additionally, Plaintiff contends prison officials are requiring him to complete the "ACT" program and a drug program before he can be moved to general population. *Id.*

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A.  **Due Process**

Pursuant to the Due Process Clause of the Fourteenth Amendment, "no state shall 'deprive any person of life, liberty, or property without due process of law.'" *Toussaint v.*

*McCarthy*, 801 F.3d 1080, 1089 (9th Cir. 1986), *overruled on other grounds*, *Sandin v Conner*, 515 U.S. 472 (1995). The due process guarantees of the Fourteenth Amendment thus "apply only when a constitutionally protected liberty or property interest is at stake." *Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993). Ordinarily, administrative segregation in and of itself does not implicate a protected liberty interest. *See Sandin*, 515 U.S. at 485-86. However, the ultimate inquiry is whether the confinement imposes an atypical and significant hardship. *See id.* at 483-84; *Serrano v. Francis*, 345 F.3d 1071, 1079 (9th Cir. 2003).

*1. Placement in Administrative Segregation*

Plaintiff alleges he has been in administrative segregation for fifteen months. Dkt. 3, p. 3. While this appears to be a lengthy amount of time, Plaintiff has provided no other allegations showing his confinement in administrative segregation imposes an "atypical and significant hardship." Plaintiff has not alleged prison officials failed to give him a disciplinary hearing or have failed to periodically review his administrative segregation status. *See id.* Plaintiff also alleges he is required to complete a program and class before he can be released from administrative segregation, but does not allege facts showing how the classes are violating his due process rights. *See Id.* Accordingly, Plaintiff has failed to allege facts showing his due process rights have been violated by his placement in administrative segregation. *See Hewitt v. Helms*, 459 U.S. 460, 476 (1983), *abrogated in part on other grounds by Sandin*, 515 U.S. 472 (determining due process requires prison officials to conduct an informal review of the evidence justifying the decision to segregate a prisoner, and must periodically review the initial placement); *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995), *as amended*, 75 F.3d 448 (9th Cir. 1995) (hardship associated with administrative segregation, such as

confinement to one's cell for a lengthy period of time, does not violate the Due Process Clause because there is no liberty interest in remaining in general population).

        2. *Failure to Provide Paperwork*

Plaintiff states he did not receive disciplinary sanction or rule violation paperwork, which violated his rights. Dkt. 3, p. 3. The Due Process Clause does not require an inmate be given detailed written notice of the charges or a written decision describing the reasons for placing the inmate in administrative segregation. *Toussaint*, 801 F.2d at 1100-01. Therefore, any alleged failure by prison officials' failure to provide Plaintiff with disciplinary sanction or rule violation paperwork fails to state a claim for which relief can be granted.

        3. *Failure to Respond to Kites*

Plaintiff also alleges he sent "kites" to Defendants Newman, Caulkins, Schneider, and Osborne prior to being assaulted by his cellmate stating he wished to be placed in a new cell. Dkt. 3, p. 3. To the extent Plaintiff is alleging these four Defendants failed to respond to his kites, this does not show a due process violation. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (a prisoner does not have a claim for entitlement to a grievance procedure); *Ramirez v. Galaza*, 334 F.3d 8550, 860 (9th Cir. 2003) (finding a prisoner did not have a claim for a loss of liberty regarding the processing of his grievances because inmates lack a separate constitutional entitlement to a specific grievance procedure). Further, Plaintiff does not allege these four Defendants were involved in placing Plaintiff in administrative segregation, nor does Plaintiff allege these Defendants violated his rights in any way. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (finding a plaintiff must show how a defendant caused or personally participated in causing the harm alleged in the complaint). Plaintiff has failed to state a claim for which relief can be granted against Defendants Newman, Caulkins, Schneider, and Osborne.

1    Based on the foregoing reasons, Plaintiff has failed to state a due process claim.

2    **B.    Defendants' Liability**

3    To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer*, 844 F.2d at 633; *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). However, sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff is suing Defendant Superintendent Mike Obenland because he was the superintendent when Plaintiff was placed in administrative segregation. Plaintiff does not allege Defendant Obenland personal participated in any alleged constitutional violations. Because vicarious liability does not apply to a § 1983 suit, this claim should be dismissed unless Plaintiff pleads facts in an amended complaint showing Defendant Obenland's own actions violated the Constitution. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The Complaint also names the following individuals as Defendants in this action: Holbrook, Campbell, Warner, Sinclair, S. Walker, McKenney, Buttice, Miller, Dame, Thrasher, Birley, Rainer, Gilbert, Shawn Walker, Bannen, Vaillancourt, Griffith, Coers, Warneka, Knight, Bowman, and Pease. Dkt. 3, pp. 1, 3. The Complaint contains no factual allegations regarding any alleged wrongdoing by these twenty-two Defendants. As Plaintiff has not alleged any claims against these Defendants, Defendants Holbrook, Campbell, Warner, Sinclair, S. Walker, McKenney, Buttice, Miller, Dame, Thrasher, Birley, Rainer, Gilbert, Shawn Walker, Bannen,

1    Vaillancourt, Griffith, Coers, Warneka, Knight, Bowman, and Pease should be dismissed from

2    this action unless Plaintiff amends his complaint to allege cognizable claims against each

3    individual Defendant.

4    **C.**     **Improper Defendant**

5         Plaintiff also names the Washington State Department of Corrections ("DOC") as a

6    Defendant. Dkt. 3, p. 1. Section 1983 applies to the actions of "persons" acting under the color

7    of state law. The DOC, as an arm of the state of Washington, is not a "person" for purposes of a

8    § 1983 civil rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71

9    (1989). Additionally, there is no evidence the state of Washington has waived its Eleventh

10    Amendment immunity in federal courts. Therefore, the DOC is a state agency which cannot be

11    sued under § 1983.

12    **D.**     **Instruction to Plaintiff and the Clerk**

13         If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an

14    amended complaint and within the amended complaint, he must write a short, plain statement

15    telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the

16    person who violated the right; (3) exactly what the individual did or failed to do; (4) how the

17    action or inaction of the individual is connected to the violation of Plaintiff's constitutional

18    rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See*

19    *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

20         Plaintiff shall present the amended complaint on the form provided by the Court. The

21    amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

22    and not a copy, it should contain the same case number, and it may not incorporate any part of

23    the original complaint by reference. The amended complaint will act as a complete substitute for

24    the original Complaint, and not as a supplement. The Court will screen the amended complaint to

1 | determine whether it contains factual allegations linking each Defendant to the alleged violations
2 | of Plaintiff's rights. The Court will not authorize service of the amended complaint on any
3 | defendant who is not specifically linked to a violation of Plaintiff's rights.
4 |     If Plaintiff fails to file an amended complaint or fails to adequately address the issues
5 | raised herein on or before August 20, 2015, the undersigned will recommend dismissal of this
6 | action as frivolous pursuant to 28 U.S.C. § 1915.
7 |     The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983
8 | civil rights complaint and for service. The Clerk is further directed to send copies of this Order
9 | and Pro Se Instruction Sheet to Plaintiff.
10 |     Dated this 20th day of July, 2015.

*[Signature]*

David W. Christel
United States Magistrate Judge