UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMAL J. ELLIS,<br><br>        Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants. | CASE NO. 3:15-CV-05420-BHS-DWC<br><br>ORDER TO SHOW CAUSE OR AMEND |

Plaintiff Jamal Ellis, proceeding *pro se* and *in forma pauperis*, filed a Civil Rights Complaint under 42 U.S.C. § 1983 on June 23, 2015. Dkt. 3. After reviewing the Complaint, the Court declined to serve the Complaint, but gave Plaintiff an opportunity to amend his pleading. *See* Dkt. 4. On July 31, 2015, Plaintiff filed a First Amended Civil Rights Complaint. *See* Dkt. 5. Having reviewed and screened the First Amended Complaint under 28 U.S.C. § 1915A, the Court declines to serve the First Amended Complaint but provides Plaintiff leave to file a second amended pleading by October 15, 2015, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff is currently incarcerated at Washington State Penitentiary. Dkt. 5 at 3. In his First Amended Complaint, he alleges his due process rights were violated when he refused to attend classes and was placed in administrative segregation. Dkt. 5 at 3. He alleges his placement in administrative segregation for 17 months imposes an atypical and significant hardship because he is being denied personal property, he is being denied educational classes offered in general population, he is prevented him from transferring to a lower custody facility and he does not have a specific timeframe of when he will be released from administrative segregation. *Id.* Additionally, Plaintiff contends his well being is neglected because defendants have not responded to his kites and conversations and failed to change his "ex-cell assignment." *Id.*

In his First Amended Complaint, Plaintiff alleges violations of the (1) right to equal protection, (2) right under the Eighth Amendment regarding cruel and unusual punishment, (3) right to due process under the law, (4) ex post facto law,[1] and (5) right to freedom of expression.[2] Dkt. 5 at 3.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or

---

[1] Plaintiff does not provide the Court with any laws or statutes that could possibly violate the ex post facto clause or facts to support a claim that his punishment for a crime was increased after it was committed. *See Garner v. Jones,* 529 U.S. 244, 249 (2000) (citing U.S. Const. art. I, § 10, cl. 1) ("The States are prohibited from enacting an ex post facto law … One function of the Ex Post Facto Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission.")). Instead, his factual allegations of placement in administrative segregation support a due process claim. Thus, the Court discusses Plaintiff's allegations of ex post facto violations in relation to his due process claim.

[2] Plaintiff's freedom of expression claim is also unclear. Plaintiff's factual allegations support a due process claim and plaintiff has not pled any facts showing that his speech or freedom of expression was restricted in any way. *See Pell v. Procunier*, 417 U.S. 817, 822 (1974); *see also Clement v. Cal. Dep't. of Corr.*, 364 F.3d 1148, 1151 (9th Cir. 2004) (per curiam). Thus, the Court discusses Plaintiff's allegations of freedom of expression violations in relation to his due process claim.

employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**A. Conditions of Confinement**

The allegations in Plaintiff's First Amended Complaint regarding the conditions of his confinement do not clearly set forth what constitutional right is being violated. If Plaintiff likens his removal from general population to segregation as cruel and unusual punishment under the Eighth Amendment, he fails to allege facts showing inhuman or cruel and unusual conditions of confinement and fails to allege how any Defendant acted with deliberate indifference. *See* Dkt. 5. The Constitution does not mandate comfortable prisons, but neither does it permit inhumane prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Under the Eighth Amendment, prison officials are required to provide prisoners with basic life necessities, such as food, clothing, shelter, sanitation, medical care, and personal safety. *Id*. "To violate the Cruel and Unusual

Punishments Clause, a prison official must have a sufficiently culpable state of mind." *Id*. at 834 (internal quotations omitted). "In prison-conditions cases th[e] state of mind is one of 'deliberate indifference' to inmate health or safety[.]" *Id*. (citing *Wilson v. Seiter,* 501 U.S. 294, 302-03 (1991)).

Accordingly, Plaintiff has failed to state a claim under the Eighth Amendment and he must show cause to demonstrate why this claim should not be dismissed.

**B. Equal Protection**

To the extent Plaintiff alleges his placement in administrative segregation constitutes an equal protection claim under the Fourteenth Amendment, he does not allege he has been treated differently from a similarly situated class. *See* Dkt. 5. The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To bring a successful equal protection claim, a plaintiff must show differential treatment from a similarly situated class. *See Washington v. Davis*, 426 U.S. 229, 239 (1976). For this differential treatment to give rise to a claim under 42 U.S.C. § 1983, "one must show intentional or purposeful discrimination." *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show § 1983 violation in absence of "intentional or purposeful discrimination").

In his First Amended Complaint, Plaintiff does not allege any facts describing how he was treated differently than other prisoners in the general population or other prisoners confined in administrative segregation. Plaintiff has also failed to allege any facts showing discriminatory intent or purpose. *See Draper*, 315 F.2d at 198. Further, Plaintiff has failed to link any of the named Defendants to an alleged constitutional violation.

Accordingly, Plaintiff has failed to state an equal protection claim and he must show cause to demonstrate why this claim should not be dismissed.

**C. Due Process**

Plaintiff's First Amended Complaint alleges a violation of due process on the basis (1) he was placed in administrative segregation for 17 months; (2) he was prohibited from being transferred to a lower custody facility; (3) he was denied educational opportunity; (4) he was deprived of his personal belongings; and (5) prison officials failed to respond to his kites. Dkt. 5 at 3. Pursuant to the Due Process Clause of the Fourteenth Amendment, "no state shall 'deprive any person of life, liberty, or property without due process of law.'" *Toussaint v. McCarthy*, 801 F.3d 1080, 1089 (9th Cir. 1986), *overruled on other grounds*, *Sandin v Conner*, 515 U.S. 472 (1995). The due process guarantees of the Fourteenth Amendment thus "apply only when a constitutionally protected liberty or property interest is at stake." *Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993).

*1. Placement in Administrative Segregation*

Ordinarily, administrative segregation in and of itself does not implicate a protected liberty interest. *See Sandin*, 515 U.S. at 485-86. However, the ultimate inquiry is whether the confinement imposes an atypical and significant hardship. *See id.* at 483-84; *Serrano v. Francis*, 345 F.3d 1071, 1079 (9th Cir. 2003). Plaintiff alleges his placement in administrative segregation for 17 months imposes an atypical and significant hardship because he is being denied personal property, he is being denied educational classes offered in general population, he is prevented him from transferring to a lower custody facility and he does not have a specific timeframe of when he will be released from administrative segregation. Dkt. 5 at 3.

Although Plaintiff alleges he does not know when he will be released from administrative segregation, Plaintiff has not alleged prison officials failed to give him a disciplinary hearing or have failed to periodically review his administrative segregation status. Dkt. 5 at 3. Plaintiff alleges he is required to complete a class and he refused, resulting in his placement in administrative segregation, but does not allege facts showing how the class violated his due process rights. *See id.* Accordingly, Plaintiff has failed to allege facts showing his due process rights have been violated by his placement in administrative segregation. *See Hewitt v. Helms*, 459 U.S. 460, 476 (1983), *abrogated in part on other grounds by Sandin*, 515 U.S. 472 (determining due process requires prison officials to conduct an informal review of the evidence justifying the decision to segregate a prisoner, and must periodically review the initial placement); *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995), *as amended*, 75 F.3d 448 (9th Cir. 1995) (hardship associated with administrative segregation, such as confinement to one's cell for a lengthy period of time, does not violate the Due Process Clause because there is no liberty interest in remaining in general population).

> 2. *Prohibition from Transferring to a Lower Custody Facility and from Access to Educational Programs*

Plaintiff also alleges his placement in administrative segregation prohibited his transfer to a lower custody facility and he has been denied educational programs. Dkt. 5 at 3. However, prisoners have no liberty interest in their classification status or in their eligibility for rehabilitative programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007); *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998); *Duffy v. Riveland*, 98 F.3d 447, 457 (9th Cir. 1996); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987). *Baumann v. Arizona Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir. 1985); *see also Hewitt v. Helms*, 459 U.S. 460, 467 n. 4 (1983) (a liberty interest does not arise even when

1  administrative segregation imposes "severe hardships," such as "denial of access to vocational,
2  educational, recreational, and rehabilitative programs …"). Accordingly, Plaintiff has failed to
3  allege facts showing his due process rights have been violated because he was prohibited from
4  transferring to a lower custody prison or because he was denied access to educational programs.

5              3.  *Deprivation of Personal Belongings*

6         Plaintiff alleges he is being denied access to his personal property while in administrative
7  segregation. Dkt. 5 at 3. The Due Process Clause protects prisoners from being deprived of
8  property without due process of law, *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 41
9  L.Ed.2d 935 (1974), and prisoners have a protected interest in their personal property, *Hansen v.*
10 *May,* 502 F.2d 728, 730 (9th Cir.1974). However, only an authorized, intentional deprivation of
11 property is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533
12 (1984). An unauthorized intentional deprivation of property by a state employee does not
13 constitute a violation of the Fourteenth Amendment if a meaningful post-deprivation remedy for
14 the loss is available under state law. *Id.* at 534. The State of Washington provides a meaningful
15 post-deprivation remedy for the intentional or negligent loss of property by state agents and
16 employees by allowing for a suit in Superior Court once a person has completed the state's tort
17 claim process. *Jeffries v. Reed*, 631 F. Supp. 1212, 1216 (1986).  To the extent Plaintiff is
18 alleging he is being deprived of his personal property based on an unauthorized action,
19 Washington State provides a post-deprivation remedy for the alleged action and thus, Plaintiff
20 has not alleged a viable claim for relief.

21         If Plaintiff is alleging the basis for the deprivation is authorized, authorized deprivations
22 of property are permissible if carried out pursuant to a regulation that is reasonably related to a
23 legitimate penological interest. *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64
24

(1987). If Plaintiff wishes to proceed with a due process claim related to the deprivation of his personal property, he must identify the property that he was denied access to, who denied access to the property and whether the alleged deprivation was authorized or unauthorized. Plaintiff must provide more facts that from which it may be inferred that his constitutional rights were violated by any alleged deprivation of property and he should include all factual allegations relating to this claim in his second amended complaint.

### 4. Failure to Respond to Kites

Plaintiff also alleges Defendants Newman, Caulkins, Schneider and Osborne failed to respond to his "kites" and conversations, which resulted in "allowing my alleged assault on my ex-cellmate." Dkt. 5 at 3. To the extent Plaintiff is alleging these four Defendants failed to respond to his kites, this does not show a due process violation. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (a prisoner does not have a claim for entitlement to a grievance procedure); *Ramirez v. Galaza*, 334 F.3d 8550, 860 (9th Cir. 2003) (finding a prisoner did not have a claim for a loss of liberty regarding the processing of his grievances because inmates lack a separate constitutional entitlement to a specific grievance procedure). These facts do not demonstrate that Defendants violated Plaintiff's due process rights.

Based on the foregoing reasons, Plaintiff's allegations fail to rise to the level of a constitutional violation and he has failed to state a due process claim against Defendants for which relief can be granted. If Plaintiff wishes to proceed with this cause of action, he must explain why he should be allowed to proceed with this due process claim.

**D. Personal Participation**

In addition to alleging facts to show a specific constitutional right was allegedly infringed, Plaintiff allege facts showing how individually named defendants caused, or

personally participated in causing, the harm alleged in the complaint. *Leer*, 844 F.2d at 633; *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). However, sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

The First Amended Complaint names Defendants Caulkins, Newman, Osborne, and Schneider. Dkt. 5 at 2. Aside from alleging that these four Defendants failed to respond to his kites, Plaintiff does not allege these four Defendants were involved in placing Plaintiff in administrative segregation, nor does Plaintiff allege these Defendants violated his rights in any way. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (finding a plaintiff must show how a defendant caused or personally participated in causing the harm alleged in the complaint). In order to proceed with any claims against these four Defendants, Plaintiff should include factual allegations relating to his claims and specifically identify how each person violated his due process rights.

### E. Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve the First Amended Complaint. If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an second amended complaint and within the second amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do;

1  (4) how the action or inaction of the individual is connected to the violation of Plaintiff's

2  constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's

3  conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

4      Plaintiff shall present the second amended complaint on the form provided by the Court.

5  The second amended complaint must be legibly rewritten or retyped in its entirety, it should be

6  an original and not a copy, it should contain the same case number, and it may not incorporate

7  any part of the original complaint by reference. The second amended complaint will act as a

8  complete substitute for the original Complaint and the First Amended Complaint, and not as a

9  supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana,*

10  *Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa*

11  *County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the second amended complaint must be

12  complete in itself and all facts and causes of action alleged in the original complaint or First

13  Amended Complaint that are not alleged in the second amended complaint are waived. *Forsyth,*

14  114 F.3d at 1474. The Court will screen the second amended complaint to determine whether it

15  contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights.

16  The Court will not authorize service of the second amended complaint on any Defendant who is

17  not specifically linked to a violation of Plaintiff's rights.

18      If Plaintiff fails to file a second amended complaint or fails to adequately address the

19  issues raised herein on or before October 15, 2015, the undersigned will recommend dismissal of

20  this action as frivolous pursuant to 28 U.S.C. § 1915.

21      The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

22  civil rights complaint and for service. The Clerk is further directed to send copies of this Order

23  and Pro Se Instruction Sheet to Plaintiff.

24

1   Dated this 15th day of September, 2015.

*David W. Christel*
United States Magistrate Judge