UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMAL J ELLIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS et al.,<br><br>　　　　Defendants. | CASE NO. 3:15-CV-05420-BHS-DWC<br><br>ORDER DIRECTING PLAINTIFF TO PROVIDE ADDRESSES OF UNSERVED DEFENDANT |

　　Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") (Dkt. 2) on June 23, 2015 and filed his Amended Complaint (Dkt. 7) on September 21, 2015. On October 28, 2015, the Court directed service of Plaintiff's Amended Complaint on the named Defendants. Dkt. 9. The Clerk's Office attempted to locate the proper service addresses for each Defendant and mailed the complaint and waiver of service forms. However, a return of service sent to Defendant Barbara Bannen was returned to the Court marked "RTS [return to sender]. Not here. Not in Outlook." *See* Dkt. 14.

　　While the Court has the duty to serve the summons and complaint, *see* 28 U.S.C. § 1915(d), an IFP plaintiff still bears the burden of providing accurate and sufficient information to

effect service. *See Walker v. Sumner*, 14 F.3d 1415 (9th Cir. 1994); *see also* Fed. R. Civ. P. 4. When an IFP plaintiff fails to provide the court with accurate and sufficient information to effect service of the summons and complaint, it is appropriate for the Court to *sua sponte* dismiss the unserved defendant. *Walker*, 14 F.3d at 1421-22 (quoting *Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995)).

Plaintiff is directed to provide the complete address for Defendant Brannen so the Court can again attempt service by mail. This address must be provided to the Court on or before January 19, 2016 or the Court will recommend dismissal of this action for failure to prosecute as to the unserved defendant.

Dated this 16th day of December, 2015.

David W. Christel
United States Magistrate Judge