UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMAL J ELLIS,

           Plaintiff,

  v.

WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,

           Defendants.

CASE NO. 3:15-CV-05420-BHS-DWC

REPORT AND RECOMMENDATION

NOTED FOR: April 8, 2016

    Plaintiff Jamal J. Ellis is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. Because it has been more than 120 days since the service of Plaintiff's complaint and Plaintiff has not provided the Court with a current address for unserved Defendant Barbara Bannen, the Court recommends Plaintiff's claims against Defendant Bannen be dismissed without prejudice.

## BACKGROUND

    On October 28, 2015, the Court directed service of Plaintiff's Amended Complaint (Dkt. 7) on the named Defendants. Dkt. 9. The Clerk's Office attempted to locate the proper service addresses for each Defendant and mailed them the complaint and waivers of service forms.

1  However, a return of service sent to Defendant Bannen was returned to the Court marked "RTS
2  [return to sender]. Not here. Not in Outlook." Dkt. 14.

3  On December 16, 2015, the Court ordered Plaintiff to provide the complete service
4  address for unserved Defendant Bannen by January 19, 2016. Dkt. 22. Plaintiff failed to provide
5  a service address and comply with the Court's order.

6  On January 25, 2016, the Court ordered Plaintiff to show cause why this action should
7  not be dismissed against the unserved Defendant without prejudice for failure prosecute and
8  failure to comply with a court order. Dkt. 27.[1] The Court advised Plaintiff if he failed to respond
9  to the Court's order by February 28, 2016, the undersigned would recommend dismissal of this
10 action against the unserved Defendant. *Id.* Plaintiff has failed to respond to the Court's order to
11 show cause.

## DISCUSSION

13 Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons
14 and complaint must be made upon a defendant within 120 days after the filing of the complaint.
15 Unless the plaintiff can show good cause for his failure to serve, the court shall dismiss the
16 action without prejudice as to that defendant or shall extend the time for service.  Fed. R. Civ. P.
17 4(m).  In cases involving a plaintiff proceeding *in forma pauperis*, "an incarcerated pro se
18 plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the
19 summons and complaint and . . . should not be penalized by having his action dismissed for
20 failure to effect service where the U.S. Marshal or the court clerk has failed to perform his
21 duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (*quoting Puett v. Blanford*, 912

---

[1] The Court notes it misspelled defendant Bannen's name in the Order to Show Cause. Dkt. 27.

F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is "automatically good cause." *Walker*, 14 F.3d at 1422 (*quoting Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a pro se plaintiff fails to provide accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). He has failed to do so by ignoring his duty to provide the Court with a current service address or an explanation of why he is unable to comply with the Court's Order. A court cannot exercise jurisdiction over a defendant without proper service of process. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R .Civ. P. 4").

Plaintiff has not provided a current address for unserved Defendant Bannen nor has Plaintiff responded to the Court's order to show cause in any other manner. Thus, the undersigned recommends plaintiff's § 1983 claims against Defendant Bannen be dismissed without prejudice for lack of personal jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the

1  time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration

2  on **April 8, 2016** as noted in the caption.

3        Dated this 15th day of March, 2016.

*/s/ David W. Christel*

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4